IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DJEDI ORDER and
HERU SPENCER,

                      Plaintiffs,                      OPINION and ORDER

    v.

                                                             23-cv-194-wmc[1]

STATE OF FLORIDA, et al.,

                      Defendants.

---

      Plaintiff Heru Spencer, representing himself and his religious organization Djedi Order, seek leave to bring a class action on behalf of the Order's members challenging the constitutionality of "all Anti LGBTQUIA laws Abortion Bans and Anti-Abortion laws" in 20 states. Dkt. 1 at 2. Plaintiffs also name as defendants 26 political, professional, and religious organizations. They seek damages and have filed thousands of pages of exhibits in support of injunctive relief in the form of enjoining the enforcement of "all unconstitutional laws and bans." *Id.*

      Because plaintiffs proceed in forma pauperis, I must screen the complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). With that standard in mind, I conclude that this lawsuit must be dismissed for two reasons.

---

[1] I am exercising jurisdiction over this case for the purpose of screening only.

First, it is unclear why this lawsuit was filed in this district. Venue is proper in any district where one or more of the defendants reside if they are all residents of the same state or where a substantial part of events giving rise to a lawsuit occurred. 28 U.S.C. § 1391(b). Plaintiffs appear to be Montana residents who allege that some members of Djedi Order live in Wisconsin. But plaintiffs are not suing the state of Wisconsin and do not allege that any of the organizations they name as defendants are based in this district or specify any events that occurred here. This court does not appear to be a proper venue for this lawsuit.

Second, and regardless of venue, plaintiffs cannot proceed with this class action without an attorney. Plaintiffs did not file a separate motion for class certification and assert without explanation in the complaint that they have satisfied the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b). But to certify a class action, the court must find, among other things, that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

Spencer is pro se and does not claim to be an attorney, so I find that he cannot represent the Djedi Order and the proposed class of its members. A pro se litigant may represent himself on his own claims but may not act in a representative capacity. 28 U.S.C. § 1654. And many courts, including this court, have repeatedly declined to allow pro se litigants to represent a class in a class action. *E.g.*, *DeBrew v. Atwood*, 792 F.3d 118, 131–32 (D.C. Cir. 2015); *King v. Frank*, 328 F. Supp. 2d 940, 950 (W.D. Wis. 2004); *Sillah v. Davis*, 252 F. Supp. 2d 589, 597 (W.D. Tenn. 2003); *Graham v. Perez*, 121 F. Supp. 2d 317, 321 (S.D. N.Y. 2000). Absent class members "are entitled at least to the assurance of competent representation afforded by licensed counsel" because they are "bound by a judgment whether for or against the class." *King*, 328 F. Supp. 2d at 950. The complexity of this case, assuming it could proceed in this

district against all 46 defendants, would exceed a layman's capabilities to litigate it. Even if Spencer was an attorney, he could not act both as class representative and as attorney for the class because "that arrangement would eliminate the checks and balances imposed by the ability of the class representatives to monitor the performance of the attorney on behalf of the class members." *Id.*

I will dismiss this lawsuit without prejudice to its refiling if plaintiffs find an attorney who shows that venue is proper in this district.

## ORDER

IT IS ORDERED that:

1. This lawsuit is DIMISSED without prejudice.
2. Plaintiffs' motion for preliminary injunctive relief, Dkt. 2, is DENIED as moot.
3. The clerk of court is directed to enter judgment accordingly and to close this case.

Entered April 14, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge